# OCTOBER TERM, 1868, AT DETROIT.

---

### Ferdinand Monnier v. Thomas W. Mizner.

*Judgment record: Effect of recitals in order denying motion for new trial.* When a judgment is supported by the declaration, the court will not take notice of a recital of facts in an order denying a motion for a new trial, for the purpose of determining the legal question of the right to include in the judgment certain claims of rent.

The recitals in such order are no part of the record and can not supply the want of a bill of exceptions.

*Heard and decided October 6th.*

Error to Wayne Circuit.

The defendant in error, Mizner, sued the plaintiff in error upon a bond given by him on appeal from a commissioner awarding restitution of certain premises for the nonpayment of rent. The declaration alleges a holding by Monnier from Mizner, under successive demises, on all of which rent was due, (the first lease commencing January 1, 1866, and the last May 1, 1867,) and that the commissioner found that all the rent was due to that date. Monnier appealed to the Circuit Court, but the judgment of the commissioner was there affirmed. Judgment was given in the Circuit Court for the whole amount of the rent. Afterwards, a motion for a new trial was made, and the court made the following order, to wit:

MONNIER v. MIZNER.

"The defendants having moved for a new trial, and the same having been argued, and the court having decided that the said motion be allowed and a new trial be granted, unless the plaintiff remit from the damages awarded all except five hundred dollars, being the rent due under the written lease of May 1, 1867, and on which proceedings were instituted and judgment rendered before the commissioner for non-payment of rent, and also the rent due from January 10, 1866, to about March 1, 1866, the time of burning of the mill, (the part so deducted being what was claimed and allowed for rent between the burning of the mill in March, 1866, and the commencement of the lease, in May, 1867,) and the plaintiff now elects to make such deduction, and does hereby remit all the damage except five hundred dollars, and it is now by the court ordered and adjudged that the plaintiff do recover against the said defendant the sum of five hundred dollars damages for rent as aforesaid, and that he have judgment therefor, with costs to be taxed."

This the plaintiff elected to do. The defendant brought error, and alleged for error the including in the judgment of the rent due from January to March, 1866. When the case was called, the defendant below, (the plaintiff in error) claimed that it was erroneous to include in the judgment any rent except that due on the last lease, as the eviction must have been on account of that alone.

*Moore & Griffin*, for plaintiff in error.

*T. Romeyn*, for defendant in error.

The Court held that the judgment in the case was supported by the declaration, and that, therefore, the judgment must be affirmed, unless the court could take notice of the facts stated in the order denying the motion for a new trial for the purpose of determining the legal question of the

right to include in the judgment rent owing before the lease under which the proceedings were taken.

But, held further, that the recitals in said order were no part of the record in error, and could not supply the want of a bill of exceptions, and consequently there was nothing before the court to show whether that the eviction was or was not on the last lease alone, and the legal question suggested was, therefore, not in the case.